UNION TANK LINE COMPANY *v.* WRIGHT, comptroller-general.

ATKINSON, J. This case was before the Supreme Court on a former occasion. 143 *Ga.* 765 (85 S. E. 994). It was there ruled:

"1. This was a suit by an equipment company against the comptroller-general of the State, to enjoin the levy (under the Civil Code, § 990) of an ad valorem tax on cars of the company which were allowed to be moved, in the regular course of business, on the lines of railroad track in this State. It was alleged that the method proposed by the comptroller-general, if carried into effect, would impose a tax on property outside of the State. The case was tried upon an agreed statement of facts. *Held,* that while some of the expressions used in the agreed statement of facts, if taken alone and disassociated from the context, might have the appearance of conceding that the comptroller-general was seeking to tax property outside of the State, yet, when taken as a whole and in connection with the allegations of the petition, it is evident that the parties did not intend any such concession.

"2. Civil Code § 990 is to be construed in connection with Civil Code §§ 1031 and 989, which, by reference, are made parts thereof. So construed, provision is made for a method of taxing cars of equipment companies, moved on the lines of railroads in this State, on the track-mileage basis of apportionment. The method so employed does not contemplate taxation of property outside of the State, and is not violative of the due-process clause of the Federal or the State constitution.

"3. The agreed statement of facts in this case shows the following: The Union Tank Line company is incorporated in the State of New Jersey. It has offices in New York. It rents tank-cars to the Standard Oil Company, a Kentucky corporation. The agreements and settlements are made outside of this State. The cars are furnished for use by the Standard Oil Company. The railroad companies, in lieu of providing tank-cars, pay to the Union Tank Line Company three fourths of a cent per mile for each mile the car is moved over its tracks. The Standard Oil Company transports a large amount of oil to Jacksonville, Florida, and Savannah, Georgia, mainly by marine transportation. From these points oil is sent out, mainly by means of tank-cars, to different points in the interior. A number of these cars come into Georgia and are used there and elsewhere. *Held,* that this does not authorize the imposition upon the Union Tank Line Company of a franchise tax in addition to the tax upon its tangible property in this State, the value of which is arrived at by the rule indicated in the preceding headnote."

After the remittitur was returned to the trial court, the case was again submitted to the judge, who, by consent of the parties, decided the case at the first term, based upon the identical pleadings and evidence that were before the court on the first trial; and upon consideration he rendered a decree in conformity with the rulings of this court as announced above, and held that the Union Tank Line Company was not subject to the franchise tax in this State, but was subject to a property tax, and that the basis of valuation of the property of the company was valid and not violative of the constitution of this State or of the fourteenth amendment to the constitution of the United States, and refused to enjoin the levy and collection of the taxes on the ground that the assessment was unconstitutional. The Union Tank Line Company excepted to so much of the decree as refused to enjoin the assessment of the property and the collection of taxes on such property upon the basis of such assessment. In the bill of exceptions certain grounds were specified upon which it was contended that the decree was erroneous, but they present no point which was not involved in the case on the former hearing and ruled upon by this court. *Held,* that the rulings of the court when the case was formerly here decided the law of the case; and the judge did not err on the second trial, based on the same pleadings and evidence, in rendering a decree in accordance with such rulings.

*Judgment affirmed. All the Justices concur, except*

HILL, J., who adheres to his views as expressed in the dissenting opinion when the case was here on the former occasion.

FEBRUARY 15, 1917.

Equitable petition. Before Judge Bell. Fulton superior court. October 7, 1915.

*King & Spalding,* for plaintiff. *Clifford Walker, attorney-general,* and *Mark Bolding,* for defendant.